## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

RICHARD DECARO, )
)
      Movant, )
)
v. ) No. 1:19-cv-00062-JAR
)
UNITED STATES, )
)
)
      Respondent. )

## MEMORANDUM AND ORDER

This matter comes before the Court on movant Richard DeCaro's "Motion to Vacate, Correct, and Reduce Sentence," which has been construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). The motion is successive and movant has not received authorization from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3). Therefore, for the reasons discussed below, the Court will dismiss the motion without further proceedings.

### Background

On March 7, 1996, movant was convicted of one count of conspiracy to commit murder for hire, one count of use of interstate commerce during the commission of murder for hire, and five counts of mail fraud. *United States v. DeCaro*, No. 1:19-cr-00005-SNL (E.D. Mo.). On June 21, 1996, he was sentenced to life imprisonment on the count of use of interstate commerce during the commission of murder for hire. He was sentenced to concurrent sixty month sentences on the remaining counts. Movant filed a notice of appeal and the judgment was affirmed on April 1, 1997. *United States v. Basile*, 109 F.3d 1304, 1313 (8th Cir. 1997).

Movant filed his first 28 U.S.C. § 2255 motion on October 5, 1998. *DeCaro v. United States*, No. 1:98-cv-00112-AGF (E.D. Mo.). The motion was denied on the merits. On June 9, 1999, the Eighth Circuit Court of Appeals denied his motion for a certificate of appealability.

Movant filed his second § 2255 motion on January 29, 2013. *DeCaro v. United States*, No. 1:13-cv-00014-AGF (E.D. Mo.). He sought relief under *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012), cases in which the United States Supreme Court held that defense attorneys have a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. Movant stated that his counsel was ineffective in giving erroneous advice regarding movant's decision to proceed to trial rather than plead guilty. On February 19, 2013, the Court dismissed movant's motion as second or successive. The Eighth Circuit Court of Appeals denied movant's application for a certificate of appealability.

Movant filed the instant action on April 16, 2019, by placing it in his institution's mailing system.[1] He seeks relief under the so-called Holloway Doctrine. *See United States v. Holloway*, 68 F. Supp. 3d 310 (E.D. N.Y. 2014). Pursuant to this doctrine, movant asserts that district courts "have the discretion...to subsequently reduce a defendant's sentence in the interest of fairness, even after all appeals and collateral attacks have been exhausted." (Docket No. 1 at 1-2). Movant states that the Holloway Doctrine is applicable to him because he was acquitted on murder charges in state court; because he should not have been convicted of his charges in federal court; and because he has been an exemplary prisoner. (Docket No. 1 at 2). He also alleges that "the Court unknowingly imposed a mandatory life sentence that violated the Ex Post Facto Clause of

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed filed when an inmate deposits it in the prison mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

2

the United States Constitution." In his motion, movant seeks immediate release. (Docket No. 1 at 10).

## Discussion

Movant's motion must be dismissed as successive. Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal prisoner filing a second or successive § 2255 motion must receive certification from the court of appeals. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3). It is up to the court of appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255. *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

As noted above, movant has filed two prior motions pursuant to § 2255. The first was denied on the merits; the second was dismissed as second or successive. Therefore, the instant motion is successive. Movant has not sought certification from the Eighth Circuit Court of Appeals. Absent certification, the Court lacks authority under § 2255 to grant movant's requested relief. Therefore, the motion must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 29th day of April, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3