# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| RICHARD DECARO, | ) |
|---|---|
| Movant, | ) |
| v. | ) No. 1:19-cv-00062-JAR |
| UNITED STATES, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant Richard DeCaro's motion to clarify filing status, in which he seeks to have his original motion filed as an independent action under the Holloway Doctrine. (Docket No. 3). For the reasons discussed below, the motion will be denied.

### Background

On April 16, 2019, movant filed a "Motion to Vacate, Correct, and Reduce Sentence" by placing it in his institution's mailing system. (Docket No. 1). Movant requested "that this Court vacate, correct and reduce his sentence" because it was "imposed in violation of the Ex Post Facto Clause of the United States Constitution." Due to this violation, movant urged the Court to impose the "constitutionally correct sentence," which would result in his immediate release from prison. The motion was construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On April 29, 2019, the Court denied and dismissed movant's motion as successive.[1] (Docket No. 5).

---

[1] Movant has filed two previous § 2255 motions. The first, *DeCaro v. United States*, No. 1:98-cv-00112-AGF (E.D. Mo. Feb. 25, 1999), was denied on the merits. The second, *DeCaro v. United States*, No. 1:13-cv-00014-AGF (E.D. Mo. Feb. 19, 2013), was dismissed as a second or successive motion.

Movant has now filed a motion to clarify filing status. In the motion, he requests that the Court refile his original motion "as an independent action under the Holloway Doctrine," and not under 28 U.S.C. § 2255.

## Discussion

Movant asserts that the basis of his motion is *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), not 28 U.S.C. § 2255. He further states that *Holloway* constitutes an independent ground for attacking his sentence in *United States v. DeCaro*, No. 1:96-cr-00005-SNL (E.D. Mo. June 21, 1996). (Docket No. 3).

In *Holloway*, the petitioner filed a motion to reopen his § 2255 proceedings. *Holloway*, 68 F. Supp. 3d at 312. The district court recognized its lack of authority to grant the motion, and asked the United States Attorney to consider agreeing to an order vacating some of the petitioner's convictions, based on his efforts at rehabilitation. *Id.* at 314-15. The United States Attorney agreed to vacate two convictions and allow the petitioner to be resentenced. *Id.* at 315-16.

Movant argues that *Holloway* stands for the proposition that "district courts have the discretion…to subsequently reduce a defendant's sentence in the interest of fairness, even after all appeals and collateral attacks have been exhausted." (Docket No. 1 at 1-2). The Court disagrees with this assertion.

The district court in *Holloway* did not rely on its own discretion to reduce the petitioner's sentence; rather, it was the prosecutor's decision to vacate two of the petitioner's convictions that allowed for resentencing. *Holloway*, 68 F. Supp. 3d at 311. Contrary to movant's contention, the ability of a district court to modify a sentence is limited. *See* 18 U.S.C. § 3582. Indeed, a "federal court generally may not modify a term of imprisonment once it has been imposed." *Dillon v.*

2

*United States*, 560 U.S. 817, 819 (2010). There are only three exceptions to this rule, which allows a court to modify a term of imprisonment: (1) upon motion of the Bureau of Prisons; (2) when expressly permitted by statute; or (3) when the applicable sentencing range of the United States Sentencing Guidelines has been amended and made retroactive. 18 U.S.C. § 3582(c). None of those provisions are invoked by movant or available here.

Instead, movant requests that the Court "vacate, correct, and reduce his sentence which was imposed in violation of the Ex Post Facto Clause of the United States Constitution thereby imposing the constitutionally correct sentence resulting in his immediate release from prison." (Docket No. 1 at 1). This type of request is properly brought pursuant to a § 2255 motion. *See* 28 U.S.C. § 2255 (stating that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution…may move the court which imposed the sentence to vacate, set aside, or correct the sentence").

In the instant motion, movant disclaims any reliance on § 2255 and attempts to retitle his original motion as a "Motion to Reduce Sentence Pursuant to the Holloway Doctrine." (Docket No. 3 at 2). Presumably, movant is seeking this characterization in order to avoid dismissal as a successive § 2255 motion. However, movant cannot avoid the requirement that he obtain authorization from the Court of Appeals to file a successive § 2255 motion merely by re-characterizing his action. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (stating that inmate could "not bypass the limitation on successive habeas petitions" by claiming that his action was actually under Fed. R. Civ. P. 12(b)(2)); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (remanding movant's Fed. R. Civ. P. 60(b) motion to the district court for dismissal, "because it is, on its face, a second or successive 28 U.S.C. § 2255 petition"); and *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (explaining that § 2255 was the

appropriate means for movant to challenge her sentence, and that a writ of coram nobis could not be used to circumvent "the second or successive provisions of § 2255").

The relief movant seeks is properly brought pursuant to 28 U.S.C. § 2255, which is why the Court construed movant's original motion as it did. Because his § 2255 motion was successive and brought without authorization, it was dismissed. (Docket No. 5). As discussed above, movant is not allowed to circumvent the authorization requirement simply by claiming that *Holloway* provides him an independent means of attacking his sentence. Therefore, movant's instant motion to clarify filing status and to refile as an independent action must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to clarify filing status and to refile as an independent action (Docket No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 1st day of May, 2019.

 /s/ John A. Ross
 JOHN A. ROSS
 UNITED STATES DISTRICT JUDGE